# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:13-CR-0362 AWI-BAM |
| Plaintiffs, | **ORDER ON DEFENDANT'S MOTION FOR DISCOVERY** (Doc. 98, 103) |
| v. | |
| GAYLENE LYNNETTE BOLANOS, et al., | |
| Defendants. | |
| _____/ | |

Defendant, Gaylene Lynnette Bolanos, is proceeding *pro se* in this criminal action pursuant to *Faretta v. California*, 422 U.S. 806 (1975). Defendant filed motions for discovery. By opposition filed on December 12, 2013, the government opposed the motion. The matter came on regularly for hearing on December 23, 2013. The government appeared by counsel Assistant United States Attorney Megan Richards. Defendant appeared *pro se*.

Defendant requests that discovery be produced in an unredacted form and requests electronic versions and hard copy versions of the documents. Defendant also seeks access to her computer which was seized.

The government opposes that unredacted copies of documents be provided to defendant on the grounds of Fed.R.Crim.P 49.1 and Local Rule 140. The government states that it must ensure the privacy interests of others who are referenced in the discovery. The government states that it has provided some 11,000 pages of redacted discovery, and offers inspection of unredacted

documents.  The government also states it will provide access to the imaged copy of defendant's computer, and that the original computer has been returned to defendant.

At the hearing, defendant indicated that she is not objecting to the material that has been provided to her, but rather, she objects to the pace of production of discovery by the government. She contends that the government is dragging its feet in production.

In prior proceedings and in its opposition, the government explains that discovery is being produced as quickly as possible given the volume of data which must be redacted.  The government states that it did not anticipate having to redact documents because defendant initially was represented by counsel.  Counsel was recently relieved, and defendant was permitted to represent herself.  Once that occurred, the government explains that delay necessarily resulted as it began redacting the voluminous discovery.

The discovery available in criminal cases is generally circumscribed by: (1) Fed.R.Crim.P. 16, (2) the Jencks Act 18 U.S.C. § 3500, and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct 1194 (1963) (stating that in criminal prosecutions, these three rules exhaust the universe of discovery to which the defendant is entitled

The Court finds the defendant's requests MOOT as the requested documents have been provided or inspection is being permitted.  The Court does not find it necessary at this point to establish further deadlines for production of discovery.  Should events in the future delay production or inspection of discovery, defendant may refile her motion.

IT IS SO ORDERED.

Dated:   **December 26, 2013**            /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE