# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:13-CR-0362 AWI-BAM |
| Plaintiffs, | **ORDER APPOINTING STANDBY COUNSEL** |
| v. | |
| GAYLENE LYNNETTE BOLANOS, et al., | |
| Defendants. | |
| _____/ | |

Defendant, Gaylene Lynnette Bolanos, is proceeding *pro se* in this criminal action pursuant to *Faretta v. California*, 422 U.S. 806 (1975). At the status conference on July 1, 2014, the Court raised the issue of appointment of standby counsel for Ms. Bolanos. By order issued on July 2, 2014, the Court set a hearing date and a briefing schedule for appointment of standby counsel and delineated the scope of the proposed standby counsel. (Doc. 145.) Ms. Bolanos filed oppositions on August 5 and 6, 2014. (Doc. 148-150, 152-153.) No other party filed any brief in opposition or in support of the appointment. The motion came on regularly for hearing on August 19, 2014. At the hearing, the government argued in support of appointment of standby counsel. Ms. Bolanos objected to the appointment of standby counsel and such objections are preserved on the record.

Having considered the written documents filed, the issues in this case, and the proceedings to date, the Court finds that appointment of standby counsel is warranted. The Court has deemed

this case complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii) based on the number of defendants, the complexity of the financial transactions, and scope of discovery, among other reasons.  The Court finds that the interests of judicial economy and the administration of justice require smooth case management, communication, and effective trial preparation and trial.  The Court finds that absent an appointment of standby counsel these interests will be sacrificed.  As explained more fully on the record, the Court's concern is the pro se filings, responsiveness, and communication with the Court may warrant self-representation to be terminated at some point.  Without standby counsel appointed now to review and prepare the case in the event of termination of self-representation, unnecessary trial delay will result and the other defendants and the administration of justice will be prejudiced.

For purposes of this case, 'standby counsel' means an attorney appointed by the court to be prepared to represent the defendant if the defendant's self-representation is terminated. *See United States v. Salemo*, 81 F.3d 1453, 1456 n. 2 (9th Cir. 1996).  Standby counsel is appointed for the continuity of this case, in the interests of judicial economy, and for efficient case management, communication, and effective trial preparation and trial.  Until further order of the Court, standby counsel will not represent Ms. Bolanos and will not be advisory counsel, and Ms. Bolanos will have actual control over the content of her defense and her representation in Court.

IT IS SO ORDERED.

Dated:   **August 20, 2014**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE