# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GAYLENE LYNNETTE BOLANOS, et al.,<br><br>Defendant. | 1:13-cr-00362 AWI BAM<br><br>ORDER ON DEFENDANT BOLANOS' "NOTICE AND DEMAND IN INSTRUCTION FOR IMMEDIATE EMERGENCY SPECIAL APPEARANCE BEFORE THE HONORABLE JUDGE A. ISHII FOR QUESTIONS OF LAW FOR INMATE RELEASE, DISMISSAL OF CHARGES, AND RECUSAL OF HONORABLE JUDGE B. MCAULIFFE."<br>(Doc. 198) |

This Court has received and reviewed document 189, filed by Defendant Gaylene Bolanos. As a result, the Court rules as follows:

1. Pursuant to Eastern District of California Local Rule 122, the undersigned, a United States District Judge in the Eastern District of California, is handling the recent filing, since The Honorable Anthony W. Ishii is out of the Country, and therefore out of the District and unavailable to handle the matter;

2. There is no basis for an emergency appearance before ANY judicial officer of the Court based on the papers that have been filed, and therefore the request is DENIED;

3. The request for the Court to issue an order releasing the moving defendant is deemed to be a request for a Bail Review. The moving documents have provided this Court with neither law nor fact that would allow or facilitate a review, and it is therefore DENIED;

4. The request that United States Magistrate Judge Barbara A. McAuliffe be recused is based upon a simple assertion that she isn't being fair, and that the moving defendant neither likes the judge's way of handling the case nor the rulings. The allegations are conclusory in nature and do not rise to the level of a review of the matter, let alone a ruling in favor of the motion. *See* also

*Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). The recusal request is DENIED.

5. Defendant Bolanos is cautioned that any further filings are to be concise, factual, pertinent and legal in nature. Failure to comport with the rules and procedures in the future will be tantamount to defendant Bolanos' statement that she is either unwilling or unable to comport, and her ability to represent herself will be reexamined. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) ("Pro se status does not excuse a criminal defendant from complying with the procedural or substantive rules of the court.").

IT IS SO ORDERED.

Dated: **October 20, 2014**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

2