**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>vs.<br><br>GAYLENE BOLANOS,<br><br>Petitioner. | 1:13CR0362 AWI<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255 AS PREMATURE**<br><br>Doc. #'s 352 & 353 |

On November 10, 2015, Gaylene Bolanos ("Petitioner") was convicted of one count of conspiracy to defraud the United States and several counts of submitting a false claim to the United States. A hearing for consideration of a presentence report and sentencing is currently pending. Currently before the court is Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 and Petitioner's request for a "bail review hearing." Section 2255 of Title 28 provides that:

> A prisoner in custody under *sentence* of a court established by Act of Congress claiming the right to be released upon the ground that the *sentence* was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack, may move in the court which imposed the *sentence* to vacate, set aside or correct the *sentence*.

28 U.S.C. § 2255(a) (italics added).

As noted above, no sentence has been imposed on Petitioner as of the date of this writing. As a consequence, there is nothing for Petitioner to challenge at this stage in the proceeding

through a motion pursuant to section 2255. The court concludes that Petitioner's motion pursuant to 28 U.S.C. § 2255 must be dismissed without prejudice as premature. Petitioner is advised to seek legal counsel before re-filing any similar motion following sentencing or before filing notice of appeal inasmuch as some grounds for relief may not be raised on collateral review unless they are first raised on appeal.

With regard to Petitioner's request for bail review hearing, the court notes that, although Petitioner indicates in her moving papers that she has "fired" her appointed counsel, there is no record before the court that there has been any substitution of counsel or that Petitioner has been given permission by the court to proceed *in pro per*. So far as the court is concerned, Petitioner is still represented by her appointed counsel, James Homola, and it is through him that Petitioner must seek any change in custody or representation status. Petitioner's request for bail review hearing will be denied without prejudice.

THEREFORE, for the reasons stated above, it is hereby ORDERED that Petitioner's motion pursuant to 28 U.S.C. § 2255 is DENIED without prejudice as premature. Petitioner's request for bail review hearing is also DENIED without prejudice.

IT IS SO ORDERED.

Dated:   January 4, 2016                   _____
                                            SENIOR DISTRICT JUDGE