# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GAYLENE LYNNETTE BOLANOS,** | CASE NO. 1:13-CR-362 AWI BAM<br>(1:19-CV-360 AWI) |
| Petitioner, | |
| v. | **ORDER DENYING PETITIONER'S MOTION TO CORRECT, VACATE OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | (Crim. ECF No. 555) |

Petitioner Gaylene Bolanos challenges her conviction through this petition to set aside or vacate under 28 U.S.C. § 2255. For the reasons that follow, Petitioner's motion will be denied.

## *Background*

On November 10, 2015, a jury found Petitioner guilty of conspiracy to defraud, 18 U.S.C. § 286, and of presenting a false claim to the government, 18 U.S.C. § 287. *See* ECF No. 343.

On March 7, 2016, Petitioner was sentenced to term of imprisonment of 120 months. *See* ECF Nos. 396 and 404. Petitioner appealed to the Ninth Circuit on March 9. *See* ECF No. 400. On March 15, 2018, the Ninth Circuit affirmed Petitioner's sentence, and on April 6, 2018, issued its mandate. *See* ECF Nos. 548 and 551. Petitioner requested certiorari at the United States Supreme Court, which was denied. *See Bolanos v. United States*, 139 S. Ct. 175 (2018).

On March 18, 2019, Petitioner filed the instant § 2255 petition. *See* ECF No. 555. Petitioner lists four grounds for relief on her AO 243: "actual factual innocence," "unlawful [denial of] self-presentation, "Brady Violations," and "ineffective assistance of counsel." *Id.* at pp. 4-8. Petitioner states she seeks "[i]mmediate release and vacating of all convictions, damages." *Id.* at p.12. Petitioner attached two handwritten documents addressed to clerks of the Ninth Circuit (dated during the pendency of her Ninth Circuit appeal), and two handwritten attachments with apparent additional argument and factual statements concerning her § 2255 petition. *See Id.*

## § 2255 Framework

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).

Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

District courts will grant a hearing to a petitioner, in order to determine the validity of the petition and make findings of fact and conclusions of law, unless the movant's petition, when viewed against the record, fails to state a claim for relief or is so palpably incredible or patently frivolous as to warrant summary dismissal. *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1983); *see also* 28 U.S.C. § 2255(b) (hearing required "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."); *Rubi v. Wrigley*, 2008 WL 191030, *2 (E.D. Cal. Jan. 22, 2008) ("It is the duty of the Court to screen out frivolous applications and to eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.") (*citing Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on merely conclusory statements. *Baumann*, 692 F.2d at 571; *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980).

/ / /

/ / /

*Petitioner's Allegations*

On Petitioner's AO 243 pleading form, she asserts four grounds for relief: "actual factual innocence," "unlawful [denial of] self-presentation, "Brady Violations," and "ineffective assistance of counsel." ECF No. 555. at pp. 4-8.[1] Under the "supporting facts" section for each of these grounds, Petitioner simply states "see attached." Petitioner then includes two attachments.[2]

Attachment A contains a number of conclusory assertions, fantastical claims, and copious amounts of irrelevant legalese. *See, generally*, *Id*. at pp. 15-27 (pages 2-8 of Attachment A). Read liberally, Attachment A appears to assert the following claims. Petitioner asserts her right to self-representation under the Sixth Amendment was violated when, during the pendency of the case, Magistrate Judge [McAuliffe] appointed attorney James Homola to represent Petitioner against Petitioner's wishes, and this Court instructed Mr. Homola to take over Petitioner's defense after removing Petitioner from the courtroom (see *Faretta v. California*, 422 U.S. 806 (1975)). *See, generally*, ECF No. 555. Petitioner also asserts her Sixth Amendment right to effective assistance of counsel was violated both by Mr. Homola at trial and by Carolyn Phillips, Petitioner's appellate counsel, on appeal. *See Id*. Finally, Attachment A also complains of assorted other issues, including evidence tampering by prosecutors and investigators, the failure of clerks at the Ninth Circuit to deliver case documents, and other spurious allegations against IRS employees, government attorneys, and two former Secretaries of the U.S. Treasury. *See Id*.; *see also Id*. at p. 13-14 (two 'demands' addressed to the clerk of the Ninth Circuit).

Attachment B is, comparatively, a relatively straightforward recounting of Petitioner's perspective on the events surrounding her pre-arrest contact with the IRS concerning her tax refunds, the circumstances of her arrest, her belief that witnesses for the prosecution testified falsely at trial, and her general belief as to her innocence. *See Id*. at pp. 16-42 (pages 1-14 of Attachment B).

---

[1] Citations to "ECF No." are to the docket in 1:13-CR-362 unless otherwise noted.

[2] Petitioner's attachments are handwritten, and it appears when the clerks scanned this document, the order of Petitioner's pages became mixed-up. To her credit, Petitioner labeled each page as either A or B, and included page numbers for each. Thus, the Court will attempt to cite specific pages of these two attachments when able; however, when inappropriate, the Court will simply cite to a range of pages within Attachment A or B.

*Discussion*

Before reaching the legally-actionable portions of Petitioner's 2255 motion, the Court will address the irregularities asserted throughout.

### I. Frivolous Claims are to be Summarily Denied

First, the Court has a duty to screen out frivolous claims, and so summarily denies relief on many of Petitioner's speculative claims made throughout Attachments A and B. *See Rubi*, 2008 WL 191030 at *2 ("It is the duty of the Court to screen out frivolous applications and to eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."). This includes the conclusory accusations that the prosecutors and investigators tampered with evidence, the baseless claim that clerks at the Ninth Circuit failed to deliver case documents, and the many other spurious allegations asserted against IRS employees, government attorneys, and two former Secretaries of the U.S. Treasury that are "characteristic of the sovereign citizen movement." *See Id.*; *see also Id.* at p. 13-14 (two 'demands' addressed to the clerk of the Ninth Circuit).

### II. Actual Innocence not a Ground for Relief

Additionally, the Court summarily denies Petitioner's "actual innocence" claim—asserted as Ground One in her AO 243 submission. As many courts have instructed, a claim of "actual innocence" is not itself a constitutional claim, but is instead "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Thus, Petitioner's Ground One request for relief of "actual innocence" is denied.

### III. Claims Not Raised on Appeal are Procedurally Barred

Finally, the Court narrows Petitioner's claims to just her ineffective assistance of counsel claim, as all other claims—including her "self-representation" claim under Ground Two—are procedurally barred and not saved by any exception.[3] Under Section 2255, if a petitioner had a full opportunity to be heard on direct appeal in regard to a claim, then that claim may not be raised in a habeas petition because it is procedurally defaulted. *See David v. Lappin*, 2008 WL 2705019 at *2 (N.D. Cal. July 9, 2008) (citing *Winthrow v. Williams*, 507 U.S. 680, 721 (1993)).

---

[3] Ineffective assistance claims are not subject to this procedural bar. *See Braswell*, 501 F.3d at 1150.

Here, Petitioner appealed her conviction to the Ninth Circuit on March 9, 2016, but the Ninth Circuit affirmed. *See* ECF No. 400; 714 Fed. Appx. 822 (9th Cir. 2018). Thus, the Court finds Petitioner's Sixth Amendment self-representation claim to be procedurally barred. *See, e.g., United States v. Herrera*, 2013 WL 12130009, at *3 (C.D. Cal. Jan. 17, 2013) ("As to Grounds 1, 2, and 5, Petitioner has directly appealed his conviction and sentence three times . . ., and not once has he raised these grounds before the Ninth Circuit. Thus, they are subject to dismissal because of procedural default."). The same holds true for any of the claims not covered by the Court's findings on the many frivolous claims. *See Section I, above*.

Claims in a 2255 motion can, however, subvert the procedural bar if the petitioner can show she was actually, factually innocent of the crimes for which she was convicted. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To demonstrate "actual innocence," a petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. The claim must concern actual or factual innocence, as compared to legal innocence, and requires a showing of reliable evidence sufficient to undermine that which was shown at trial. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). "Given the rarity of such evidence, 'in virtually every case, the allegation of actual innocence has been summarily rejected." *Id*.; *see also David*, 2008 WL 2705019 at *3 ("The threshold for proving actual innocence is 'extraordinarily high,' and the evidence must be truly persuasive because the petitioner is claiming entitlement to relief despite a fair trial and a constitutionally valid conviction.").

Here, Petitioner has failed show she is factually innocent of the crimes for which she was convicted. A jury found Petitioner guilty of conspiracy to defraud the government, in violation of 18 U.S.C. § 286, and of presenting a false claim to the government, in violation of 18 U.S.C. § 287. *See* ECF No. 343; *see also United States v. Green*, 592 F.3d 1057, 1067 (9th Cir. 2010) (conspiracy to file false claims against the United States requires "(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime."); *United States v. Causey*, 835 F.2d 1289, 1292 (9th Cir. 1987) ("[T]he elements of the offense created by 18 U.S.C. § 287 are (1) presenting a claim against the United States, and (2) knowing such claim to be false.").

In support of their case against Petitioner, the government presented evidence that Petitioner falsely claimed millions of dollars in interest income on her 2007 federal tax return. Petitioner submitted her form in October 2008, on the same day that other defendants submitted similarly-false returns. Two IRS expert witnesses testified as to the effect of including such information on tax returns, including Petitioner's signing of the return under penalty of perjury. Also presented was evidence of Petitioner's conversations with other defendants about the filing process, as well as evidence that her computer stored other defendants' returns and financial information. One defendant testified he and Petitioner met to discuss the scheme and split commissions on the refunded amounts, and another even testified that he provided his financial information to Petitioner so she could use it in the scheme. In Petitioner's case, this resulted in a requested refund of almost $1.9 million. *See* ECF Nos. 448-458. The jury ultimately found Petitioner guilty of one count of conspiracy under § 286 and twelve counts of making and presenting a false claim under § 287. See ECF No. 343 at pp. 1-19.

Set against this evidence presented at trial, Petitioner's 2255 assertions are not new, reliable factual evidence that might otherwise support a claim of actual innocence. In the context of overcoming a procedural default, a claim of actual innocence must include credible evidence, that is, "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *House v. Bell*, 547 U.S. 518, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006). Much of Attachment B concerns Petitioner's contact with the IRS after the faulty returns were submitted, as well as her interactions with various officers and investigators during this time. *See* ECF No. 555 at pp. 16-42 (pages 1-14 of Attachment B). Attachment A contains even fewer factual assertions, none of which raise her claim of factual innocence above the extraordinarily high bar she faces to overcome the procedural bar. *Bousley*, 523 U.S. at 623. The content of Attachment A and, more relevantly, Attachment B, does not amount to "reliable evidence sufficient to undermine that which was shown at trial." *Calderon*, 523 U.S. at 559. Thus, Petitioner has not offered any new, reliable evidence showing that no reasonable juror would have found her guilty beyond a reasonable doubt (*David*, 2008 WL

2705019 at *3), nor does Petitioner's argument persuade the Court that she is entitled to relief despite a fair trial and constitutionally valid conviction. *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997).

Since Petitioner's claim of factual innocence is without merit, all claims save the ineffective assistance claim are procedurally barred. *Bousley*, 523 U.S. at 623.

### IV. Ineffective Assistance of Counsel

After disposing with the majority of the allegations above, the Court is left with two claims for ineffective assistance of counsel: one against Petitioner's trial counsel and one against her appellate counsel. These claims are not subject to the procedural bar, and do not require an assertion of actual innocence. *See Massaro v. United States*, 538 U.S. 500, 509 (2003); *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (finding the procedural bar does not prevent ineffective-assistance-of-counsel claims that were not previously raised on direct appeal from being brought in later Section 2255 proceedings).

To establish ineffective assistance of counsel, a petitioner must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). Courts must indulge in a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance, and that counsel exercised acceptable professional judgment in all significant decisions made. *See Strickland*, 466 U.S. at 689; *United States v. Fredman*, 390 F.3d 1153, 1156 (9th Cir. 2004). To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Fredman*, 390 F.3d at 1156.

Mr. Homala is described in two contexts in Petitioner's Attachment A and B. See ECF No. 555. The first context appears to be an assertion of ineffective assistance based on a conflict of interest. However, the conflict Petitioner appears to assert is one of Mr. Homala's generally conspiring with others (the Court, the Magistrate Judge, the IRS, and senior executive officials). Id. at pp. 16, 23. For example, in Attachment B, Petitioner refers to Mr. Homala as "a conflict of

interest interloper . . . of questionable motive and character." ECF No. 555 at p. 16. But Petitioner does not elaborate on this statement, and instead returns her usual form of stringing together legal terms unrelated to the substance of her ineffective assistance assertion. In construing a claim of ineffective assistance, the Court need not give effect to assertions such as these. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

The other context in which Petitioner mentions Mr. Homola is in regards to her claim that she should have been able to represent herself at trial. *See, e.g.,* ECF No. 555 at p. 14, 17, 21. As the Court has already stated, this claim was procedurally barred. *See* Section III, above.

Finally, as to Petitioner's ineffective assistance assertions against her appellate attorney, Ms. Phillips, the petition is similarly lacking in substance. The core of Petitioner's complaint against Ms. Phillips appears to be Petitioner's belief that Ms. Phillips should have raised a claim of "actual factual innocence" on appeal. *See* ECF No. 555 at p. 23. As the Court discussed in Section III above, Petitioner has no claim of actual factual innocence; it is not ineffective assistance of appellate counsel for failing to raise an unmeritorious issue on appeal. *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017) ("Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed.").

Thus, the Court denies Petitioner's ineffective assistance claims, as raised in Ground Four of her AO 243 and sporadically throughout Attachments A and B.

*Certificate of Appealability*

A Petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the Court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a Petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a

constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the Court has denied a § 2255 motion or claims within the motion on the merits, a Petitioner must show that reasonable jurists would find the Court's decision on the merits to be debatable or wrong. *Id*.

The Court finds that Petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the Court declines to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's § 2255 Motion (Crim. ECF No. 555) is DENIED;
2. The Court DECLINES to issue a certificate of appealability; and
3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   March 27, 2019

_____
SENIOR DISTRICT JUDGE