UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GAYLENE LYNNETTE BOLANOS,<br><br>Defendant | CASE NO. 1:13-CR-0362 AWI-1<br><br>ORDER ON SECOND MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 562) |

On August 17, 2020, this Court denied Defendant Gaylene Bolanos's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 561. On September 21, 2020, Defendant filed a second motion for compassionate release under § 3582(c)(1)(A). See Doc. No. 562. The Court ordered a response from the United States and permitted Defendant to file a reply. See Doc. No. 564. All briefing has now been received.

*Defendant's Argument*

Defendant's motion is very similar to her original motion. Defendant relies on her current health conditions, the conditions of confinement at FCI Dublin, and the Covid 19 pandemic to demonstrate that extraordinary and compelling reasons justify compassionate release. Defendant explains that she is 63 years old, has essential hypertension (high blood pressure), has anemia, is deficient in Vitamins B12 and D, and is pre-diabetic. Defendant contends that there are four active cases of Covid 19 at FCI Dublin. Further, every prisoner in the adjacent satellite camp where Defendant is housed live in rooms with multiple prisoners and the prisoners sleep in bunkbeds. The satellite camp has a single ventilation system, and each prisoner is given a one or two layer fabric mask instead of the three layers recommended by the World Health Organization. Further, FCI Dublin is serving as a "quarantine center" where new prisoners transferring into the

BOP are housed. Although FCI Dublin was designed for 896 prisoners, it is currently housing 924 prisoners. Also, the number of Covid 19 cases in Alameda County where FCI Dublin is located is growing. Finally, Defendant argues that she has a viable release plan, that she is not a danger to the community, and that the 18 U.S.C. § 3553 factors weigh in her favor.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," the defendant must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.

*Discussion*[1]

The Court does not find that Defendant has demonstrated extraordinary and compelling reasons for compassionate release. As the Court previously held, the identified personal

---

[1] As part of the first motion for compassionate release, the Court held that Defendant had failed to meet her burden of demonstrating that she had exhausted her administrative remedies. In the second motion, Defendant declares that she submitted a request for compassionate release to the Warden of FCI Dublin on April 22, 2020, but did not receive a response from the Warden until June 25, 2020. Because it appears that the Warden failed to respond to Defendant's request within 30 days of receipt of the request, § 3582(c)(1)(A)'s "lapse of 30 days" limited futility exception applies. See United States v. Morales, 2020 U.S. Dist. LEXIS 202095, *5 (E.D. Cal. Oct. 28, 2020). Therefore, Defendant has demonstrated that she exhausted her administrative remedies. See id.

characteristics of the Defendant do not clearly show that she is considered at an increased risk of suffering severe illness from Covid 19.  Defendant states that she has anemia, low vitamin D, and low vitamin B12.  Although Defendant persuasively explains why these conditions could make her susceptible to contracting Covid 19 or make it more difficult for her immune system to deal with the virus, none of these conditions are identified by the CDC as conditions that either place a person at increased risk for severe illness or might increase the risk of severe illness from Covid 19.  See www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/people-with-medical-conditions.html.[2]  Similarly, while Defendant's age of 63 puts her at an increased risk compared to those in their 40's or 50's, the CDC website suggests that those 65 years and older face the greatest risk (particularly those over 85) because they account for 80% of reported Covid 19 deaths.  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.  Further, the CDC does not recognize pre-diabetes as a condition that either places a person at an increased risk for severe illness or as a condition that might place a person at an increased risk for severe illness from Covid 19.  See id.  Finally, the CDC indicates that those with high blood pressure might be (as opposed to are) at an increased risk of severe illness from Covid 19.  See id.

Additionally, as of the date of this order, there are no active cases of Covid 19 at FCI Dublin, either among the staff or the inmates.  See  https://www.bop.gov/coronavirus/.

From the above, Defendant has at least demonstrated that she "might be" at an increased risk of serious illness from Covid 19.  Even if the Court gives extra weight to Defendant's vitamin D deficiency and finds that the constellation of her health conditions are sufficient to place her "at risk" for severe illness from Covid 19,[3] the fact remains that she is in a prison that has no active cases of Covid 19.  Once again, the words of the Third Circuit best describe this situation:  "We do not mean to minimize the risks that COVID-19 poses in the federal prison system . . . .  But the

---

[2] The Court recognizes that the medical community's understanding of Covid 19 is evolving.  The fact that a condition is not listed on the CDC website is not necessarily dispositive in terms of assessing the risk an individual faces from Covid 19.  However, the absence of a particular condition on the CDC's list is probative.

[3] The Court recognizes that at least one recent study has found that over 80% of patients at a hospital in Spain had vitamin D deficiency.  See https://www.endocrine.org/news-and-advocacy/news-room/2020/study-finds-over-80-percent-of-covid19-patients-have-vitamin-d-deficiency.

3

mere existence of COVID-19 and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." Raia, 954 F.3d at 597. Therefore, Defendant has not adequately demonstrated that extraordinary and compelling reasons justify granting Defendant's motion. In the absence of extraordinary and compelling reasons, Defendant's motion will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. No. 562) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   November 10, 2020                                                         
                                             SENIOR DISTRICT JUDGE