1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:13-CR-0362 AWI-1** |
| **Plaintiff** | |
| **v.** | **ORDER ON RENEWED MOTION FOR RECONSIDERATION OF COMPASSIONATE RELEASE** |
| **GAYLENE LYNNETTE BOLANOS,** | |
| **Defendant** | (Doc. No. 572) |

On August 17, 2020, this Court denied Defendant Gaylene Bolanos's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 561. On November 12, 2020, the Court denied a second motion for compassionate release under § 3582(c)(1)(A). See Doc. No. 568.[1] On December 30, 2020, based on advice from counsel, Defendant filed pro se what is termed a "renewed motion for reconsideration." See Doc. No. 572. On January 27, 2021, the United States filed an opposition. See Doc. No. 577. Defendant subsequently filed two supplements on February 12, 2021 and February 26, 2021. See Doc. Nos. 580, 583. No further briefing has been received. After consideration, the Court will deny Defendant's motion.

*Defendant's Argument*

Defendant asks for relief  because FCI Dublin is in the midst of a serious Covid 19 outbreak ( allegedly 188 inmates). Defendant states that she has a damaged heart valve from taking the medication FenPhen, and that condition has not been treated. Defendant states that her blood pressure is significantly fluctuating and is often too high, she is prediabetic, and is deficient in Iron, Vitamin B 12 and Vitamin D. Defendant argues that the healthcare she receives at FCI

---

[1] Defendant appealed that denial, but then voluntarily dismissed the appeal on January 27, 2021. See Doc. Nos. 569, 579.

1  Dublin is poor and damaging her health.  In n her first supplement, Defendant argues *inter alia*

2  that the case of *United States v. Marty*, 2020 U.S. Dist. LEXIS 238877 (E.D. Cal. Dec. 18, 2020)

3  supports her release.  Defendant also states that she has been gaining weight and that her BMI has

4  climbed to 28.  Defendant explains that she continues to experience blood pressure problems and

5  experiences chest pain, weakness, and shortness of breath.  Defendant states that her health is

6  deteriorating because of prison conditions.  In the second supplement, Defendant explains *inter*

7  *alia* that she is 5' 4" and was just recently weighed at 177 lbs.  Defendant explains that she has

8  been gaining weight since being prescribed medications at FCI Dublin.  Defendant also states that

9  her weakness is getting worse and she does not move or eat very much.  Defendant explains that

10 she is experiencing more chest pain and pain radiating into her neck or jaw, and she has yet to see

11 a cardiologist despite a 5 month old appointment.

12      *Government's Opposition*

13      The United States argues that reconsideration is not warranted.  The general threat of

14 Covid 19 does not justify relief.  Defendant's medical conditions at best show that she might be at

15 risk for serious illness, and her latest blood work (December 29, 2020) does not indicate that she is

16 diabetic.  The United States also argues that Defendant remains a danger to the community

17 because she recruited others to act in a scheme to defraud the United States out of large sums of

18 money and demonstrated hostility and disobedience to the Court and pre-trial services.  Similarly,

19 the nature of the circumstances of Bolanos's crimes and threat she poses to the community

20 indicate that the 18 U.S.C. § 3553(a) factors do not weigh in her favor.  The United States did not

21 respond to either of Defendant's February supplements.

22      *Legal Standard*

23      The Ninth Circuit has instructed that motions for reconsideration "should not be granted,

24 absent highly unusual circumstances, unless the district court is presented with newly discovered

25 evidence, committed clear error, or if there is an intervening change in the law."  Marlyn

26 Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

27 Additionally, Local Rule 230 in relevant part requires a moving party to shows that "new or

28 different facts or circumstances are claimed to exist which did not exist or were not shown upon

1   such prior motion, or what other grounds exist for the motion, and why the facts and

2   circumstances were not shown at the time of the prior motion."  Local Rule 230(j).

3          *Discussion*

4          Defendant has presented several new facts that were not presented at the time the Court

5   denied Defendant's second motion for compassionate release.  Of particular note for purposes of

6   this motion, Defendant has indicated that FCI Dublin is in the midst of a significant Covid 19

7   outbreak and she is experiencing more weakness, continues to experience high blood pressure, has

8   significant weight gain (apparently since taking medications prescribed by FCI Dublin

9   physicians), has not seen a cardiologist despite a damaged heart valve, high blood pressure, and a

10  five month old referral.

11         With respect to the current levels of Covid 19 at FCI Dublin, as of the date of this order,

12  zero inmates and three staff members are the active cases reported for this facility.  Further, at the

13  time the United States filed its opposition in late January 2021, two inmates and three staff had

14  active Covid 19 cases.  Accepting Defendants' contention that 188 inmates had active Covid 19

15  cases at FCI Dublin at the time she filed her reconsideration motion,[2] that is no longer close to

16  reflecting the current conditions at the prison.  The most recent figures from the United States'

17  opposition and the BOP website show a drastic drop in active cases and indicate that the

18  administrators at FCI Dublin are taking appropriate steps to manage the situation and protect

19  inmates.  A current outbreak of zero inmates and three staff members is not, by itself, a sufficient

20  basis to reconsider the Court's prior denials.

21         With respect to Bolanos's additional information regarding her health, crediting Bolanos's

22  supplement that she is 5' 4" and now weighs 177 lbs., per the CDC website, this yields a BMI of

23  30.4, which is classified as "obese."[3]  Obesity is recognized as a condition that places a person at

24  risk for severe illness from Covid 19.[4]  Additionally, Defendant's purported increasing weakness,

25  _____

26  [2] On December 16, 2020, FCI Dublin had 62 inmates and 2 staff with active Covid 19.  See Marty, 2020 U.S. Dist. LEXIS 238877 at *5.

27  [3] See www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html

28  [4] See www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity

3

1   continued general health deterioration, and 5 to 6 month delay in seeing a cardiologist are

2   concerning.[5]  However, these are new developments that significantly post-date Defendant's prior

3   request and motions for compassionate release.

4          When the Court denied Defendant's second motion for compassionate release, the Court

5   credited Defendant's representations that she had submitted a request for release to the Warden of

6   FCI Dublin on April 22, 2020, but did not receive a response from the Warden until June 25,

7   2020.  See Doc. No. 568 at p.2 n.1.  The Court held that the failure of the Warden to respond

8   within 30 days triggered the limited futility exception of § 3582(c)(1)(A) and satisfied the

9   applicable exhaustion requirement.  See id. (citing United States v. Morales, 2020 U.S. Dist.

10  LEXIS  202095, *5 (E.D. Cal. Oct. 28, 2020)).  Therefore, at the time that the Court held that

11  Defendant had satisfied the exhaustion requirement, the Warden of FCI Dublin had been presented

12  only with information that was current through April 2020.  Obviously, the new information

13  contained in the February 2021 supplements (Defendant's obesity, five plus month failure to see a

14  cardiologist, or increasing weakness and shortness of breath) were not part of Defendant's request

15  for compassionate release to the Warden.  Stated differently, Defendant's current motion is relying

16  on new circumstances than had not been previously presented to the BOP/Warden of FCI Dublin

17  to justify compassionate release.

18         A number of courts have recognized that "[e]xhausting administrative remedies on one

19  occasion does not forever obviate the need to do so," and that changed circumstances require the

20  filing of a new request for compassionate release with the prison's warden.  United States v. Iwai,

21  2020 U.S. Dist. LEXIS 204932, *6 (D. Haw. Nov. 3, 2020); see also United States v. Ezukanma,

22  2021 U.S. Dist. LEXIS 21153, *4-*5 (N.D. Tex. Feb. 4, 2021); United States v. Cain, 2021 U.S.

23  Dist. LEXIS 20672, *10-*13 (D. Me. Feb. 3, 2021) (and cases cited therein).  However, some

24  courts indicate that a new request for compassionate release with a warden is unnecessary when

25  the reasons for compassionate release are substantially the same.  See United States v. Vaughn,

26

27  [5] Certain cardiac conditions, though not all, are identified as putting a person at risk for severe illness from Covid 19.
    See www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-
28  conditions.  Without more, it does not appear that Defendant's damaged heart valve is a condition that places her at
    severe risk.  See id.

1   2021 U.S. Dist. LEXIS 6587, *6-*7 (C.D. Ill. Jan. 12, 2021).  Without necessarily adopting either

2   position, at a minimum, a new request with the warden is necessary when there are material

3   changes in circumstances from the time a prior request for compassionate release was filed.  As

4   applied here, the conditions/circumstances discussed above, particularly obesity which clearly

5   moves Defendant out of the "might be at risk" for severe illness from Covid 19 category into the

6   "is at risk" for severe illness from Covid 19 category, represent material changes in circumstances

7   from the time Defendant submitted her request to the Warden in April 2020.  Therefore,

8   Defendant is required to file a new request for compassionate release with the Warden of FCI

9   Dublin.[6]  Iwai, 2020 U.S. Dist. LEXIS 204932 at *6.

10        As explained in prior orders, the exhaustion requirement is mandatory and jurisdictional.[7]

11   See United States v. Bolanos, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020); see

12   also United States v. Fuentes, 834 F. App'x 414, 415 (9th Cir. 2021); United States v. Miranda,

13   2021 U.S. Dist. LEXIS 41071, *4-*5 (E.D. Cal. Mar. 4, 2021).  It is Defendant's burden to

14   demonstrate exhaustion.  See Miranda, 2021 U.S. Dist. LEXIS 41071 at *5; Bolanos, 2020 U.S.

15   Dist. LEXIS 148077 at *5.  Because it is clear that Defendant has not exhausted administrative

16   remedies by filing a new request with the Warden of FCI Dublin, the Court must deny

17   Defendant's motion for "reconsideration."[8]  See Ezukanma, 2021 U.S. Dist. LEXIS 21153 at *5;

18   Cain, 2021 U.S. Dist. LEXIS 20672 at *12; Iwai, 2020 U.S. Dist. LEXIS 204932 at *6; see also

19   Miranda, 2021 U.S. Dist. LEXIS 41071 at *6.

---

20
21   [6] Given the new circumstances identified by Defendant in her supplements, the Court finds that the motion for reconsideration is in effect a third motion for compassionate release.

22
23   [7] Further, in the face of a split of authority, the Court reiterates that it has adopted the position that § 3582(c)(1)(A)'s "lapse of 30 days language" is a limited futility exception that applies if the warden has not acted on a request for compassionate release within 30 days of receiving the request.  See Miranda, 2021 U.S. Dist. LEXIS 41071 at *5; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *7-*10.

24   [8] Because Defendant has not exhausted her administrative remedies, it is unnecessary to substantively address *Marty*.
25   However, the Court notes that the facts in *Marty*, while not identical to the facts in this case, are similar.  In particular, *Marty* involved a prisoner at FCI Dublin who was convicted of defrauding the United States, was in her 60's, was
26   obese, and had at least one other condition that might put her at risk for severe illness from Covid 19 (asthma).  See Marty, 2020 U.S. Dist. LEXIS 238877 at *2.  Of note, FCI Dublin recommended Marty for home confinement, and there was a significant outbreak of Covid 19 at Dublin (62 inmates) when Marty was granted relief from the District
27   Court.  See id. at *2-*5.  However, it is only now with the onset of Defendant's obesity that the medical conditions of Marty and Defendant are materially similar.  FCI Dublin's actions and recommendations regarding Marty underscore
28   the need for Defendant to file a second request for compassionate release with the Warden of FCI Dublin that explains Defendant's changed/current circumstances (and possibly compares her situation to Marty's).

1

**ORDER**

2    Accordingly, IT IS HEREBY ORDERED that Defendant's motion for

3 reconsideration/compassionate release (Doc. No. 572) is DENIED.

4

5 IT IS SO ORDERED.

6 Dated:   March 11, 2021

SENIOR  DISTRICT  JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28