**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GAYLENE LYNNETTE BOLANOS,<br><br>Defendant | CASE NO. 1:13-CR-0362 AWI-1<br><br>ORDER ON RENEWED MOTION FOR RECONSIDERATION OF COMPASSIONATE RELEASE<br><br>(Doc. No. 572) |

On August 17, 2020, this Court denied Defendant Gaylene Bolanos's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 561.

On November 12, 2020, the Court denied a second motion for compassionate release under § 3582(c)(1)(A). See Doc. No. 568.[1]

On March 11, 2021, the Court denied a motion for reconsideration, although the motion was effectively a third motion for compassionate release under § 3582. See Doc. No. 584. In pertinent part, the Court held that Defendant was required to file a new request for compassionate release with the Warden of FCI Dublin and exhaust her administrative remedies with respect to her materially changed circumstances from May 2020 (the date that she effectively exhausted her administrative remedies with respect to her prior motions). See id.[2]

On March 15, 2021, and April 1, 2021, Defendant filed supplements to her motion for reconsideration/third motion for compassionate release. See Doc. Nos. 585, 586. These two supplements did nothing to alter the Court's March 11, 2021 order or conclusions.

---

[1] Defendant appealed that denial, but then voluntarily dismissed the appeal on January 27, 2021. See Doc. Nos. 569, 579.

[2] That order was served twice on Defendant, the last date of service being April 2, 2021.

On April 8, 2021, Defendant filed what has been docketed as a "motion" (hereinafter "the Motion"). See Doc. No. 587. The Motion is ambiguous and can be construed as an attempt to do one or a combination of three things. First, Defendant appears again to be requesting compassionate release through supplementation. See id. Second, Defendant appears to be complaining that the Fresno Probation Office is violating her constitutional rights and violating federal law. See id. Third, Defendant states that if the Court denies her relief, then the Motion should be construed as a notice of appeal. See id.

After review, the Court will deny the Motion. The Court is denying the Motion primarily because it is unclear precisely what the Motion actually is. As stated above, the Motion may be an attempt to file a 42 U.S.C. § 1983 civil rights lawsuit, an attempt to obtain relief under § 3582, or an attempted appeal. If she is attempting to make some form of *Bivens* § 1983 claim based on a violation of her federal rights (constitutional or statutory), then she needs to file a separate civil lawsuit.[3] This criminal case is not the appropriate venue for pursuing § 1983 claims. If she is attempting to again obtain relief under § 3582, she has failed to follow or address the Court's analysis and instructions from the March 11, 2021 order. Finally, if she desires to appeal a decision of this Court, then she is to follow the appropriate rules of appellate procedure and file a document that is identified as a notice of appeal that identifies the particular matter/order/judgment of this Court that she seeks to appeal. The Court will not construe the ambiguous Motion as a legitimate notice of appeal.

The Court reminds Defendant that her motions for compassionate release, including her motion for reconsideration, have been finally resolved by the Court. Defendant is clearly not satisfied with the Court's resolution of these matters, but her avenues for relief lie either with the Ninth Circuit or a new § 3582 motion that has been adequately exhausted. It is unclear why Defendant persists in filing additional supplements or ambiguous motions instead of directing her efforts towards filing a new request for compassionate release with the Warden based on her changed circumstances. If Defendant does not exhaust her remedies, this Court cannot grant her

---

[3] The Court express no opinions regarding the merit, validity, or plausibility of any § 1983 claim that may be imbedded within the Motion. The Court merely notes that a § 1983 claim for the violation of Defendant's federal rights is to be brought as a civil lawsuit, not as a part of a criminal case.

compassionate release under § 3582, period.  See Doc. No. 584.  The Court will not accept any further supplements relating to any of Defendant's prior motions for compassionate release, including her motion for reconsideration.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion (Doc. No. 587) is DENIED in all respects; and
2. The Court will not accept any additional supplements that relate to Defendant's motion for reconsideration or her prior motions for compassionate release.

IT IS SO ORDERED.

Dated:   April 14, 2021                       _____
                                              SENIOR DISTRICT JUDGE