UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GAYLENE LYNNETTE BOLANOS,<br><br>Defendant | CASE NO. 1:13-CR-0362 AWI-1<br><br>**ORDER REGARDING REMAND AND PERMITTING DEFENDANT TO REQUEST AN EXTENSION OF TIME TO APPEAL AND DEMONSTRATE GOOD CAUSE OR EXCUSABLE NEGLECT**<br><br>(Doc. No. 593) |

On August 17, 2020, this Court denied Defendant Gaylene Bolanos's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 561.

On November 12, 2020, the Court denied a second motion for compassionate release under § 3582(c)(1)(A). See Doc. No. 568.[1]

On March 11, 2021, the Court denied a motion for reconsideration, although the motion was effectively a third motion for compassionate release under § 3582. See Doc. No. 584. In pertinent part, the Court held that Defendant was required to file a new request for compassionate release with the Warden of FCI Dublin and exhaust her administrative remedies with respect to her materially changed circumstances from May 2020 (the date that she effectively exhausted her administrative remedies with respect to her prior motions). See id.[2]

---

[1] Defendant appealed that denial, but then voluntarily dismissed the appeal on January 27, 2021. See Doc. Nos. 569, 579.

[2] That order was served twice on Defendant, the last date of service being April 2, 2021.

On March 15, 2021, and April 1, 2021, Defendant filed supplements to her motion for reconsideration/third motion for compassionate release. See Doc. Nos. 585, 586. These two supplements did nothing to alter the Court's March 11, 2021 order or conclusions.

On April 8, 2021, Defendant filed a multi-faceted "motion" that appeared to request compassionate release, complain about constitutional violations by the probation department, and request that the motion be construed as a notice of appeal if denied. See Doc. No. 587. The Court denied the motion in all respects on April 14, 2021. See Doc. No. 588.

In a filing dated May 7, 2021, but docketed by the Court on May 13, 2021, Defendant filed a notice of appeal that challenged the denial of her April 8 motion. See Doc. No. 590.

On September 22, 2021, a Ninth Circuit Appellate Commissioner granted the United State's motion to remand this matter. See Doc. No. 593. The remand explained that Defendant's notice of appeal was filed after the fourteen day time limit set by Fed. R. App. P. 4(b)(1)(A), but was within 30 days after the expiration of the time to file a notice of appeal. See id. The remand was for the limited purpose of providing Defendant "notice and an opportunity to request that the time for filing the notice of appeal be extended, for a period not to exceed 30 days from the expiration of the time prescribed by Rule 4(b), upon a finding of excusable neglect or good cause . . . ." Id. (citing United States v. Ono, 72 F.3d 101, 103 (9th Cir. 1995) and United States v. Stolarz, 547 F.2d 108 (9th Cir. 1976)). The remand order further directed the Court to forward its determination regarding excusable neglect or good cause to the Appellate Commissioner at its earliest convenience. See id.

In accordance with the remand order, the Court informs Defendant that, for the May 2021 notice of appeal to be considered timely, she must make a showing of excusable neglect. Defendant will be given the opportunity to file with this Court a request to extend the time for filing the May 2021 notice. In order for an extension to be granted, Defendant is required to demonstrate good cause or excusable neglect for not filing the notice of appeal within 14 days of entry of the April 14 order. See Fed. R. App. P. 4(b)(4); Ono, 72 F.3d at 103; Stolarz, 547 F.2d at 111-12. If Defendant does not file a response to this order, the Court will construe the failure to file a response as indicating that Defendant does not wish to obtain an extension of time to appeal.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days of service of this order, Defendant may file a request for an extension of time to file an appeal that is supported by a showing of good cause or excusable neglect, as discussed above;

2. The Court will construe a failure to file a response as indicating that Defendant does not wish to obtain an extension of time to appeal; and

3. The Clerk shall serve a copy of this order on Defendant Gaylene Bolanos at the following address:

> Reg. No. 70766-097
>
> RRM Sacramento
>
> Residential Reentry Office
>
> 501 I St., Suite 9-400
>
> Sacramento, CA 95814.

IT IS SO ORDERED.

Dated: September 24, 2021                         _____
                                                  SENIOR DISTRICT JUDGE