UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>GAYLENE LYNNETTE BOLANOS,<br><br>**Defendant** | CASE NO. 1:13-CR-0362 AWI-1<br><br>**ORDER DEMONSTRATION OF GOOD CAUSE OR EXCUSABLE NEGLECT**<br><br>(Doc. No. 593) |

Between August 17, 2020, and April 8, 2021, this Court denied various motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) by Defendant Gaylene Bolanos. See Doc. No. 561, 568, 584, 585, 586, 587, 588.

In a filing dated May 7, 2021, but docketed by the Court on May 13, 2021, Defendant filed a notice of appeal that challenged the denial of a motion dated April 8, 2021. See Doc. No. 590.

On September 22, 2021, a Ninth Circuit Appellate Commissioner granted the United State's motion to remand this matter. See Doc. No. 593. The remand explained that Defendant's notice of appeal was filed after the fourteen day time limit set by Fed. R. App. P. 4(b)(1)(A), but was within 30 days after the expiration of the time to file a notice of appeal. See id. The remand was for the limited purpose of providing Defendant "notice and an opportunity to request that the time for filing the notice of appeal be extended, for a period not to exceed 30 days from the expiration of the time prescribed by Rule 4(b), upon a finding of excusable neglect or good cause .

. . ." Id. (citing United States v. Ono, 72 F.3d 101, 103 (9th Cir. 1995) and United States v. Stolarz, 547 F.2d 108 (9th Cir. 1976)). The remand order further directed the Court to forward its determination regarding excusable neglect or good cause to the Appellate Commissioner at its earliest convenience. See id.

On September 24, 2021, the Court issued an order in conformity with the Ninth Circuit's instructions. See Doc. No. 594. The order provided in relevant part:

> In accordance with the remand order, the Court informs Defendant that, for the May 2021 notice of appeal to be considered timely, she must make a showing of excusable neglect. Defendant will be given the opportunity to file with this Court a request to extend the time for filing the May 2021 notice. In order for an extension to be granted, Defendant is required to demonstrate good cause or excusable neglect for not filing the notice of appeal within 14 days of entry of the April 14 order. See Fed. R. App. P. 4(b)(4); Ono, 72 F.3d at 103; Stolarz, 547 F.2d at 111-12. If Defendant does not file a response to this order, the Court will construe the failure to file a response as indicating that Defendant does not wish to obtain an extension of time to appeal.

Id.

More than thirty days have passed and Defendant Bolanos has made no further filings or responded in any way to the Court's September 24, 2021 order. Therefore, pursuant to the Court's September 24, 2021 order, the Court concludes that Defendant does not wish to obtain an extension of time to appeal. Because Defendant appears to have abandoned her appeal and has not responded to the Court, the Court finds that no showing of good cause or excusable neglect has been made and that an extension of time under Fed. R. App. P. 4(b) is not warranted.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. An extension of time under Fed. R. App. P. 4(b) is DENIED because the absence of a response from Defendant indicates that she does not wish to obtain an extension of time to appeal and because good cause or excusable neglect has not been demonstrated;

2. The Clerk shall serve a copy of this order to the Ninth Circuit Court of Appeals; and

3. The Clerk shall serve a copy of this order on Defendant Gaylene Bolanos at the following address:

2

Reg. No. 70766-097

RRM Sacramento

Residential Reentry Office

501 I St., Suite 9-400

Sacramento, CA 95814.

IT IS SO ORDERED.

Dated: December 14, 2021

SENIOR DISTRICT JUDGE